# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1366 | **DATE** | 1/12/2005 |
| **CASE TITLE** | Magin vs. Monsanto Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendants, Monsanto and Pharmacia's motion [115-1, 2] is granted in part and denied in part. Monsanto and Phamacia's request for reasonable attorneys' fees and costs [115-1] is granted but the parties must comply with the requirements of Local Rule 54.3 before the court can calculate a monetary award. If an agreement cannot be reached, Monsanto and Pharmacia's further petition for fees and costs, including the joint statement under 54.3(e), is due no later than 3/1/05. Response due 3/15/05. Reply due 3/29/05. Monsanto and Phamacia's motion for sanctions [115-2] pursuant to 28 U.S.C. § 1927 is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

JAN 1 3 2005
date docketed

docketing deputy initials

date mailed notice

Document Number

119

courtroom deputy's initials    yp

U.S. DISTRICT COURT

2005 JAN 12 PM 4:03

Date/time received in central Clerk's Office

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JON MAGIN,                          )
                                    )
            Plaintiff               )
                                    )
      v.                            )        No. 03 C 1366
                                    )
MONSANTO COMPANY,                   )
PHARMACIA CORPORATION               )        **DOCKETED**
and CP KELCO U.S., INC.             )
                                    )        JAN 1 3 2005
            Defendants.             )

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On July 9, 2004, this court granted defendants Monsanto Company ("Monsanto"), Pharmacia

Corporation ("Pharmacia"), and CP Kelco U.S., Inc ("Kelco"), motions for summary judgment

dismissing plaintiff Jon Magin's ("Magin"), claims. (Dkt. Nos. 108, 109.) Magin had previously

alleged that the defendants violated the Employee Retirement Income Security Act of 1974,

("ERISA"), 29 U.S.C. § 1001 et seq., by not paying him certain claimed severance benefits. On

August 19, 2004, Monsanto and Pharmacia filed a motion for an award of attorneys' fees and costs

under ERISA's fee shifting provision and an assessment of sanctions against Magin and his counsel

pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rules"), and 28 U.S.C. § 1927. For

the reasons set forth below, this court grants Monsanto and Pharmacia's motion in part and denies

it in part.

## BACKGROUND

Magin has experienced several set backs during his tenure before this court. On May 8, 2003,

this court dismissed his case for failure to comply with the court's order of April 22, 2003. (Dkt.

Nos. 21, 22.) Magin failed to meet the court's deadline of April 29, 2003 for filing and serving his amended complaint. Magin had filed for leave to file an amended complaint on April 17, 2003 in response to the defendants motions to dismiss his original complaint. (Dkt. Nos. 19, 20.)

This court eventually allowed Magin to file his amended class action complaint on May 23, 2003, but his amended class complaint was dismissed on August 4, 2003 pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. Nos. 25, 45.) In light of the dismissal, this court, in an August 26, 2003 minute order, granted Magin leave to file a second amended complaint which he filed on September 3, 2003. (Dkt. Nos. 46, 47.) Monsanto and Pharmacia moved to dismiss the second amended complaint and this court, in its minute order of September 23, 2003, set a briefing schedule for that motion which required Magin to file his response by September 30, 2003. (Dkt. No. 56.) Magin failed to meet his September 30, 2003 deadline for filing his response with this court and instead this court, in its minute order of October 2, 2003, granted Magin's untimely motion to extend the filing of his response to October 9, 2003. (Dkt. No. 59.) This court, in its November 14, 2003 minute order, granted in part and denied in part Monsanto and Pharmacia's motion to dismiss. (Dkt. No. 64.) The court held that the second amended complaint did state a claim under ERISA, but Magin's state law claims were preempted under ERISA. (Id.) This was the second time that this court had dismissed Magin's state law claims as preempted under ERISA. The court, in its August 4, 2003 minute order, had previously dismissed Magin's state law claims when they were presented in the first amended complaint. (Dkt. No. 45.)

On November 25, 2003, Monsanto and Pharmacia filed their answer to the second amended complaint along with affirmative defenses and a cross claim. (Dkt. No. 66.) Magin responded with motion to strike the affirmative defenses. (Dkt. No. 72.) This court, in its January 20, 2004 minute

order denying Magin's motion to strike, noted that Magin failed to provide any basis for striking the affirmative defenses. (Dkt. No. 80.)

On February 3, 3004, during the pretrial discovery period, Monsanto and Pharmacia brought a motion to deny class certification, (Dkt. No. 81.), and Magin was given until February 19, 2004 to file a motion for class certification, (Dkt. No. 82.), but did not file his motion until February 20, 2004. (Dkt. No. 83.) This court, in its April 8, 2004 minute order, denied Magin's motion for class certification and granted the defendants' motion to deny class certification. (Dkt. No. 92.) In the April 8, 2004 minute order, this court noted that Magin had not moved for class certification until after fact discovery had closed. (Id.) In fact, Magin had waited until the defendants had brought their motion against class certification before bringing his motion for class certification. This led the court to question whether "had defendants not moved to deny certification, would plaintiff have ever moved to certify?" (Id.) Furthermore, the extent of Magin's argument for class certification was a "four-page conclusory motion with little factual or legal support." (Id.)

On April 2, 2004, when this court was considering the motion for class certification, Magin brought a motion for leave to add additional parties plaintiff. (Dkt. No. 90.) This court, in its April 20, 2004 minute order denying Magin's motion for leave to add additional parties plaintiff, noted that the motion had been filed over two months after discovery in the case had been closed and less than one month before motions for summary judgment were due. (Dkt. No. 96.)

This court then dismissed Magin's remaining claims on July 9, 2004 when it granted the defendants motions for summary judgment on the remaining counts. (Dkt. Nos. 108, 109.) As the court explained, "The bottom line is that Magin has failed to identify with the requisite particularity the evidence that supports his claims. The entirety of Magin's 'Argument' section of his

3

memorandum in response runs less than three pages and contains no citations to the record. Magin has not affirmatively demonstrated, by specific factual allegations, as opposed to reliance on his pleadings and conclusory assertions, that there is a genuine issue of material fact that requires a trial." (Dkt. No.109.)

ANALYSIS

## A. Attorneys Fees and Costs Under ERISA, 29 U.S.C. § 1132(g)(1)

Monsanto and Pharmacia, as the prevailing party, request an award of $271,548.47 for attorneys' fees and costs under ERISA's fee shifting provision. 29 U.S.C. § 1132(g)(1). Magin argues against any award and he questions whether the $271,548.47 figure is a proper amount.

### 1. The Parties Must Comply With Local Rule 54.3

As a preliminary matter, the court notes that the parties have failed to comply with the requirements of Local Rule 54.3. In particular, the parties have failed to confer and meet in good faith to agree on a potential amount as required under Local Rule 54.3(d) or provide to the court a Joint Statement of disputed items as required under Local Rule 54.3(e). The procedures set forth in the Local Rules cultivate the groundwork of financial information that this court must ultimately review when arriving at a determination of whether the requested dollar amount is proper. The court does note that Monsanto and Pharmacia attached a letter dated August 3, 2004 sent to opposing counsel and a one half inch thick stack of legal invoices. However, these submissions are not sufficient by themselves to satisfy Local Rules 54.3 (d) and (e). Failure by the parties to follow the Local Rules may result in the imposition of sanctions and or the finding of contempt by this court.

Consequently, this court will not determine at this time whether the $271,548.47 figure requested by Monsanto and Pharmacia is an appropriate amount. However, this court will consider

4

the legal arguments presented by the parties on the issue of whether Monsanto and Pharmacia are entitled to receive any fees and costs since that determination is a prerequisite to the court's review of any requested dollar amount.

### 2. Monsanto and Pharmacia's Motion for Attorneys' Fees and Costs under ERISA

"Determination of a fee award is left to the discretion of the district court in light of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" Wengryn v. Connor Sports Flooring Corp., No. 01 C 1519, 2002 WL 2022608, at *2 (N.D. Ill. Sept. 3, 2002) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Eddleman v. Switchcraft, Inc., 965 F.2d 422, 424 (7th Cir. 1992)). Section 1132(g)(1) of ERISA states, "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(d)(1). "There is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." Senese v. Chicago Area I.B. of T. Pension Fund, 237 F.3d 819, 826 (7th Cir. 2001 ) (quoting Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co., 57 F.3d 608, 617 (7th Cir. 1995)).

In determining whether fees and costs are appropriate, the court may apply one of two tests: (1) the "substantially justified" test or (2) the multi-factor test.[1] The Seventh Circuit leaves it to the

---

[1] The substantially justified test asks: (1) whether the losing party's position had a reasonable or solid basis in law and facts; or (2) are there special circumstances that make an award unjust. Postma v. Paul Revere Life Ins. Co., 223 F.3d 533, 542 (7th Cir. 2000). The multi-factor test looks to the factors of: (1) the degree of the offending party's culpability or bad faith; (2) the degree of the ability of the offending party to satisfy personally an award of attorneys' fees; (3) whether an award of attorneys' fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; (5) the relative merits of the parties' position. Quinn v. Blue Cross and Blue Shield Ass'n, 161 F.3d 472, 478 (7th Cir. 1998). The court chooses to apply the first test as enumerated

district court to select which test to apply since "both tests essentially ask the same question: 'Was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" Quinn v. Blue Cross and Blue Shield Ass'n, 161 F.3d 472, 478 (7th Cir. 1998) (quoting Hooper v. Demco, Inc., 37 F.3d 287, 294 (7th Cir. 1994)). "Substantially justified means something more than non-frivolous, but something less than meritorious." Senese, 237 F.3d at 826. The substantially justified standard developed from the underlying policy that "ERISA's remedial purpose is to protect, rather than penalize participants who seek to enforce their statutory rights." Stark v. PPM America, Inc., 226 F.3d 666, 673 (7th Cir. 2004) (quoting Senese, 237 F.3d at 826)).

Upon a review of the factual record in the present case, this court concludes that Magin's positions in this case were not substantially justified nor were they taken in good faith. In fact, this court concludes that Magin's positions were at times frivolous. Furthermore, there are no special circumstances present that would make an award of attorneys' fees and cost unjust. Consequently, the court concludes that Monsanto and Pharmacia are entitled to an award of attorneys' fees and costs under ERISA's fee shifting provision.

During his time before the court, Magin submitted a total of three complaints: His original complaint, the first amended complaint and the second amended complaint. (Dkt. Nos. 1, 25, 50.) The defendants filed motions to challenge the legal sufficiency of each complaint and this court evaluated the legal sufficiency of the first and second amended complaint. (The defendants' motions to dismiss the original complaint were mooted when Magin filed his first amended complaint.) This court, in dismissed the first amended complaint under Rule 12(b)(6) for failure to state a claim upon

---

by the Seventh Circuit in Postma.

which relief can be granted, ruled that Magin was unable to bring any state law claims because they were preempted under ERISA. Thus, Magin was on notice that any state law claims that he brought would be preempted under ERISA. Despite the court's ruling on the preemption of state law claims under ERISA, Magin brought state law claims in his second amended complaint and this court again dismissed those claims. (Dkt. No. 64.)

Magin had no reasonable basis in law to bring his state law claims in his first amended complaint because they were preempted under ERISA. Even giving Magin the benefit of the doubt as to the state law claims in the first amended complaint, there was no reason for Magin to bring his state law claims in his second amended complaint in light of the court's ruling on the first amended complaint. Magin had clear notice of the legal rule of ERISA preemption after this court's ruling on the first amended complaint, yet he took a second run at the same argument in his second amended complaint.

Magin also often failed to support his legal argument with citations or explanation. As this court previously noted when it granted the defendants' motion for summary judgment, "The entirety of Magin's 'Argument' section of his memorandum in response runs less than three pages and contains no citations to the record." (Dkt. No. 109.) He failed to provide any basis for his motion to strike the affirmative defenses included by the defendants in their answer to his second amended complaint, (Dkt. No. 80), and provided "little factual or legal support" in his motion for class certification. (Dkt. No. 92.)

Magin provides the same level of incomplete lawyering in his brief in response to Monsanto and Pharmacia's Motion for Attorneys Fees and Sanctions. (Dkt. No. 117.) His brief does provide citation to and discussion of case law but does so over only one and one-half pages. However, his

7

legal analysis, the application of the case law to the facts in the present case, is a total of three sentences long. Magin merely states that "none of the elements for awarding fees to a successful defendant have been met," (Dkt. No. 117 at pg. 4), but provides no analysis to support that proposition. This type of mere minimal effort is characteristic of Magin's efforts throughout this litigation.

Furthermore, Magin has failed to meet court imposed deadlines and requirements at various times throughout the litigation. He missed the court's deadline for filing of his first amended complaint, (Dkt. No. 22), and filed an untimely motion for extension of time for filing his response to the defendants motion to dismiss his second amended complaint. (Dkt. No. 61.) Magin failed to bring his motion for class certification within the deadline set by this court and only did so two weeks after the defendants had brought a motion to deny class certification. (Dkt. No. 92.) He also attempted to add additional parties plaintiffs two months after discovery had been closed and less than one month before motions for summary judgment were due. (Dkt. No. 96.)

This court also notes no special circumstances that mitigate against levying an award of attorneys' fees and costs against Magin in this case. Special circumstances mitigating against an award under Section 1132(g)(1) include ability to pay and the fact that ERISA's remedial purpose is to protect beneficiaries of pension plans. Meredith v. Navistar Int'l Transp. Corp., 935 F.2d 124, 128-29 (7th Cir. 1991). "Adherence to [ERISA's remedial purpose] often counsels against charging fees against ERISA beneficiaries since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose." Id. at 129 (quoting Nachwalter v. Christie, 805 F.2d 956, 962 (11th Cir. 1986)).

Magin provides no evidence that he is unable to pay an award. In contrast, Monsanto and

Pharmacia argue that Magin received over $800,000 in salary and severance payments from Monsanto in 2000 and 2001. (Monsanto and Pharmacia Reply Memo. at 3 n.7.) Furthermore, although this court recognizes ERISA's remedial purpose of protecting beneficiaries, this court concludes that Magin's deficiencies in bringing his claim are not those of an individual bringing his claim in good faith. Allowing a beneficiary to miss deadlines before this court, file duplicative state law claims that the court had previously dismissed as being preempted by ERISA and file motions devoid of legal argument does not further ERISA's remedial purpose. This court recognizes that an award of attorneys' fees could deter future beneficiaries from pursuing their ERISA claims. Potential ERISA plaintiffs who meet their deadlines, alter their complaints based on the court's decisions so that their complaints allege claims upon which relief may be granted, and provide memorandums of law to the court that integrate citations to pertinent facts and controlling legal authority with precise yet thorough legal analysis should have nothing to fear from this decision.

Consequently, this court in its discretion, concludes that Magin took actions and positions in this litigation that were not substantially justified. It is inappropriate under the circumstances for Monsanto and Pharmacia to bear their own costs and attorneys' fees. This court applies ERISA's fee shifting provision and awards to Monsanto and Pharmacia an award of reasonable costs and attorneys' fees pursuant to ERISA Section 1132(g)(1). This court will not award a monetary figure at this time but instead orders the parties to comply with the requirements of Local Rule 54.3 as detailed in the Conclusion section of this court's memorandum opinion and order.

B. Monsanto and Pharmacia's Motion for Sanctions Pursuant to Rule 11 and 28 U.S.C. § 1927

Monsanto and Pharmacia argue that Magin and his counsel should be sanctioned pursuant to Rule 11 and 28 U.S.C. § 1927 because (1) Magin presented his second amended complaint for the

9

improper purpose of harassing Monsanto and Pharmacia; (2) the claims and other legal contentions in Magin's second amended complaint were not warranted by existing law; and (3) there was no evidentiary support for the allegations and other factual contentions contained in Magin's second amended complaint. Magin counters that Monsanto and Pharmacia have waited too long in bringing a motion for sanctions because the motion was brought at the end of the case.

### 1. Rule 11 Sanctions

As a preliminary matter, Monsanto and Pharmacia have not complied with the plain language of Rule 11. Section (c)(1)(A) of Rule 11 states that, "A motion for sanctions under this rule shall be made separately from other motions or requests." Fed. R. Civ. P. 11(c)(1)(A); see Corley v. Rosewood Care Center, Inc., 142 F.3d 1041, 1058 (7th Cir. 1998). Monsanto and Pharmacia brought their motion for sanctions as part of a larger motion that included a separate request for attorneys' fees and costs under ERISA's fee shifting provision. Consequently, this court must deny Monsanto and Pharmacia's request for Rule 11 sanctions.

### 2. 28 U.S.C. § 1927 Sanctions

Title 28, United States Code, Section 1927 allows for the imposition of sanctions against a party or attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C § 1927. "The purpose of sanctions awarded under 28 U.S.C. § 1927 are to 'deter frivolous litigation' and to 'ensure that those who create unnecessary costs also bear them,' thus compensating the innocent party while punishing the offending party." Moline v. Trans Union, L.L.C., 222 F.R.D. 346, 349 (N.D. Ill. 2004) (quoting Kapco Mfg. Co. Inc. v. C & O Enters., Inc. 886 F.2d 1485, 1491 (7th Cir. 1989)). "A court has discretion to impose § 1927 sanctions when an attorney has acted in an 'objectively unreasonable manner' by engaging in a 'serious and studied disregard for the orderly

process of justice,' or where a 'claim is without a plausible legal or factual basis and lacking in justification.'" The Jolly Group, Ltd. v. Medline Indus., Inc., No. 03 C 9390, 2004 WL 1276722, at *5 (N.D. Ill. Jun. 8, 2004) (quoting Pacific Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 119 (7th Cir. 1994)).

As detailed above, Magin has duplicated these proceedings by refiling his state law claims in his second amended complaint after this court found that those claims were preempted under ERISA. This court has already found that Magin is liable for Monsanto and Pharmacia's reasonable costs and attorneys' fees. This court now finds that the filing of the state law claims in the second amended complaint was unreasonable and vexatiously, and the court sanctions Magin's attorney for filing the second amended complaint. Consequently, Magin's attorney, Mr. Craig E. Anderson, of the law firm of Jacobson, Bradvick and Anderson, Ltd. is found to be jointly and severally liable with Magin for the costs and attorneys' fees incurred by Monsanto and Pharmacia in responding to Magin's second amended complaint. Monsanto and Pharmacia are instructed to identify the costs and attorneys' fees they incurred in responding to the second amended complaint.

## CONCLUSION

This court grants Monsanto and Pharmacia's motion in part and denies it in part. Monsanto and Pharmacia's request for reasonable attorneys' fees and costs is granted but the parties must comply with the requirements of Local Rule 54.3 before the court can calculate a monetary award. Monsanto and Pharmacia's request for sanctions pursuant to Rule 11 is denied for failure to meet the procedural requirements of Rule 11(c)(1)(A). Monsanto and Pharmacia's motion for sanctions pursuant to 28 U.S.C. § 1927 is granted. Magin and his attorney, Mr. Craig E. Anderson, of the law firm of Jacobson, Bradvick and Anderson, Ltd. are jointly and severally liable for the reasonable

costs and attorneys' fees incurred by Monsanto and Pharmacia in responding to Magin's second amended complaint. Monsanto and Pharmacia must identify the costs and attorneys' fees they incurred in responding to the second amended complaint when providing their Local Rule 54.3 material.

The parties must comply with the requirements of Local Rule 54.3 as follows: Monsanto and Pharmacia must provide Magin with its 54.3 material by January 26, 2005 and Magin must provide Monsanto and Pharmacia with his 54.3 material by February 9, 2005. The parties should then attempt to resolve any remaining disputes over attorneys' fees and costs. If an agreement cannot be reached, Monsanto and Pharmacia's further petition for fees and costs, including the joint statement under 54.3(e), is due no later than March 1, 2005. Response is due March 15, 2005 and the reply is March 29, 2005.

ENTER:

James F. Holderman

JAMES F. HOLDERMAN
United States District Judge

DATE: January 12, 2005