IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JON MAGIN, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) No. 03 C 1366 |
| MONSANTO COMPANY, PHARMACIA CORPORATION and CP KELCO U.S., INC. | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On July 9, 2004, this court granted defendants Monsanto Company ("Monsanto"), Pharmacia Corporation ("Pharmacia"), and CP Kelco U.S., Inc.'s ("Kelco") motions for summary judgment on plaintiff Jon Magin's ("Magin"), claims under the Employee Retirement Income and Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, ("ERISA"), (Dkt. Nos. 108-10) *aff'd Magin v. Monsanto Co.*, – F.3d –, No. 04-2997, 2005 WL 2008233 (7th Cir. Aug. 23, 2005). On January 13, 2005, this court granted Monsanto and Pharmacia's motion for an award of attorneys' fees and costs pursuant to ERISA's fee shifting provision, 29 U.S.C. § 1132(g)(1), and an assessment of sanctions against plaintiff Magin and his counsel pursuant to 28 U.S.C. § 1927, but denied the defendants' request for sanctions against Magin under Rule 11 of the Federal Rules of Civil Procedure. *Magin v. Monsanto Co.*, No. 03-1366, 2005 WL 83334 (N.D. Ill. Jan. 13, 2005). The court's January 13, 2005 order did not award a dollar amount to Monsanto and Pharmacia for attorneys' fees and costs because the parties had failed to comply with the requirements of Local Rule 54.3. Instead, the court set additional dates for the parties'

compliance with Local Rule 54.3 and associated briefing. On March 1, 2005, Monsanto and Pharmacia filed the pending motion for an assessment of attorneys' fees and costs. (Dkt. No. 123). For the reasons set forth below, Monsanto and Pharmacia's renewed motion for attorneys' fees and costs of March 1, 2005 is granted.

## BACKGROUND

On January 13, 2005, this court held that Monsanto and Pharmacia were entitled to reasonable attorneys' fees and costs under ERISA's fee shifting position. *Magin v. Monsanto Co.* No. 03-1366, 2005 WL 83334, at *3-5 (N.D. Ill. Jan. 13, 2005). This court found that Magin had taken positions in this litigation that were not substantially justified, not taken in good faith and at times were objectively frivolous. *Id.* at *4-5. This court concluded on January 13, 2005 that it would be inappropriate for Monsanto and Pharmacia to bear their own attorneys' fees and costs in this litigation. *Id.* at *5.

This court supported its January 13, 2005 determination that fee shifting was appropriate in this case based on a variety of shortcomings exhibited by Magin during the litigation. These deficiencies included filing state law claims in a second amended complaint after this court had previously held that Magin's state law claims were preempted under ERISA. *Id.* at *4 ("Magin had clear notice of the legal rule of ERISA preemption after this court's ruling on the first amended complaint, yet he took a second run at the same argument in his second amended complaint.").

The court's opinion also noted that "Magin has failed to meet court imposed deadlines and requirements at various times throughout the litigation," *Id.* at *5, and he failed to provide support for legal arguments with citation or explanation. *Id.* at *4. Lastly, this court held that

2

there were no special circumstances that mitigated against levying an award of attorneys' fees and costs against Magin. *Id.* at *5. Not only did Magin fail to provide evidence that he would be unable to pay an award of attorneys's fee but "Monsanto and Pharmacia argue that Magin received over $800,000 in salary and severance payments from Monsanto in 2000 and 2001." *Id.* at *5.

The court bifurcated its determination that Monsanto and Pharmacia were entitled to an award of attorneys' fees and costs from the determination of a reasonable dollar amount to award. This court held that it was unable to determine a reasonable award amount on January 13, 2005 due to the parties' failure to comply with Local Rule 54.3. The court's January 13, 2005 opinion ordered the parties to comply with Local Rule 54.3 and set additional dates for briefing from the parties. The court determines in this opinion that the $271,548.47 requested by Monsanto and Pharmacia in attorneys' fees and costs is a reasonable amount.

## STANDARD OF REVIEW

"Determination of an [attorney's] fee award is left to the discretion of the district court in light of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Wengryn v. Connor Sports Flooring Corp.*, No. 01 C 1519, 2002 WL 2022608, at *2 (N.D. Ill. Sept. 3, 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Eddleman v. Switchcraft, Inc.*, 965 F.2d 422, 424 (7th Cir. 1992)). "A district court is within its discretion to reduce the number of hours requested, or the hourly rate requested, as long as it provides a reasonable, and 'concise but clear explanation of its reasons.'" *Hacket v. Xerox Corp. Long-Term Disability Income Plan*, 355 F. Supp. 2d 931, 935 (N.D. Ill. 2005) (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 551, 554-55 (7th

Cir. 1999)).

## ANALYSIS

Section 1132(g)(1) of ERISA states, "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "There is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001) (quoting *Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 617 (7th Cir. 1995)).

In determining whether fees and costs are appropriate, the court may apply one of two tests: (1) the "substantially justified" test or (2) the multi-factor test.[1] The Seventh Circuit leaves it to the district court to select which test to apply since "both tests essentially ask the same question: 'Was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998) (quoting *Hooper v. Demco, Inc.*, 37 F.3d 287, 294 (7th Cir. 1994)). "Substantially justified means something more than non-frivolous, but something less than

---

[1] The "substantially justified" test asks: (1) whether the losing party's position had a reasonable or solid basis in law and facts; or (2) are there special circumstances that make an award unjust. *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 542 (7th Cir. 2000). The multi-factor test looks to the factors of: (1) the degree of the offending party's culpability or bad faith; (2) the degree of the ability of the offending party to satisfy personally an award of attorneys' fees; (3) whether an award of attorneys' fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; (5) the relative merits of the parties' position. *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998). The court applied the first test as enumerated by the Seventh Circuit in *Postma* in its January 13, 2005 memorandum opinion and order.

4

meritorious." *Senese*, 237 F.3d at 826. The substantially justified standard developed from the underlying policy that "ERISA's remedial purpose is to protect, rather than penalize participants who seek to enforce their statutory rights." *Stark v. PPM America, Inc.*, 354 F.3d 666, 673 (7th Cir. 2004) (quoting *Senese*, 237 F.3d at 826)).

This court previously determined in its January 13, 2005 memorandum opinion and order that it is proper to assess attorneys' fees and costs against Magin under ERISA's fee shifting provision because he took positions in this litigation which were not substantially justified, not taken in good faith and at times were objectively frivolous. *Magin v. Monsanto Co.* No. 03-1366, 2005 WL 83334, at *3-5 (N.D. Ill. Jan. 13, 2005). The court must now determine whether: (1) Monsanto and Pharmacia are prevailing parties, and (2) the reasonableness of the dollar amount they request.

## A. Prevailing Party

"A plaintiff 'prevails' when actual relief on the merits of its claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). An enforceable judgment on the merit is sufficient to satisfy the prevailing party requirement. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603-04 (2001). Monsanto and Pharmacia received an enforceable judgment on the merits when this court granted their motions for summary judgment on July 9, 2004. (Dkt. Nos. 108-10). The court's summary judgment decision has been affirmed on appeal by the Seventh Circuit. *Magin v. Monsanto Co.*, – F.3d –, No. 04-2997, 2005 WL 2008233 (7th Cir. Aug. 23, 2005). Monsanto and Pharmacia are prevailing parties in this matter.

B. Reasonable Attorneys' Fee Award

"Attorneys' fees are assigned a 'lodestar' amount, [a figure which is] calculated by multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate." *Mathur v. Board of Tr. of Southern Illinois Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 872 (7th Cir. 1995)). "The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). The initial lodestar figure may be further adjusted by the court based on a number of factors.[2] *Garcia v. City of Chicago*, No. 01 C 8945, 2003 WL 22175620, at *1 (N.D. Ill. Sept. 19, 2003) (citing *Hensley*, 461 U.S. at 434)).

"The determination of an attorney's 'reasonable hourly rate' is to be based on the 'market rate' for the services rendered. The burden of providing the 'market rate' is on the fee applicant, however, once the attorney provides evidence establishing his market rate, the burden shifts to the defendant to demonstrate why a lower rate should be awarded." *Spegon*, 175 F.3d at 554-55 (internal citations omitted).

"'The reasonable hourly rate (or 'market rate') for lodestar purpose is 'the rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question.'" *Garcia*, No. 01 C 8945, 2003 WL 22175620, at *2 (quoting

---

[2] These factors may include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Mather*, 317 F.3d at 742 n.1.

*Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000)). "Evidence of 'market rate' includes rates other attorneys in the area charge paying clients for similar work, fee awards from prior cases, the attorney's credentials, and the attorney's actual billing rate." *Id.* (citing *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1311-13 (7th Cir. 1996)). "In addition, an attorney's affidavit alone cannot establish ... her market rate; however, such affidavit 'in conjunction with other evidence of the rates charged by comparable lawyers is sufficient to satisfy the plaintiff's burden.'" *Id.* (quoting *Harper*, 223 F.3d at 604).

Monsanto and Pharmacia "may recover only those hours that [its] attorneys would bill in the private sector." *Garcia v. City of Chicago*, No. 01 C 8945, 2003 WL 22175620, at *3 (N.D. Ill. Sept. 19, 2003) (citing *Hensley*, 461 U.S. at 434)). This court must exclude "hours that are excessive, redundant, otherwise unnecessary," *Id.*, and a petition for fees must provide sufficient description of the type of work performed. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1187 (7th Cir. 1992). "A court should not require any more [level of detail or itemization in the plaintiff's billings] than the level of detail paying clients find satisfactory." *Garcia*, No. 01 C 8945, 2003 WL 22175620, at *3 (N.D. Ill. Sept. 19, 2003) (citing *In the Matter of Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001)).

### C. Attorneys Fees and Non Taxable Costs Sought by Monsanto and Pharmacia

Monsanto and Pharmacia request an award of $271,548.47. This amount subdivides into $249,813.00 in attorneys' fees and $21,735.47 in non-taxable costs.

This court has reviewed the documentation provided by Monsanto and Pharmacia and finds the hourly rate requested and hours expended in this litigation are reasonable. The hourly rate requested by Monsanto and Pharmacia's attorneys appear reasonable when compared to the

7

market rate requested by lawyers of similar skill and experience in other attorneys' fees petitions previously reviewed by this court. Monsanto and Pharmacia have also provided background information on their attorneys and the rate requested is commiserate with the attorneys' educational and professional backgrounds. Monsanto and Pharmacia paid for these attorneys' rates in 2003 and 2004, long before there was a petition for attorneys' fees. The fact that a client is willing to pay these rates bolsters the finding that these rates represent the market rate. Monsanto and Pharmacia have also provided sufficiently detailed billing invoices to properly demonstrate that the hours expended figure is reasonable.

Magin argues that Monsanto and Pharmacia should be denied attorneys fees and costs in their entirety. A portion of Magin's arguments have already been considered and rejected by the court's January 13, 2005 memorandum opinion and order. This court considered the potential deterrent effect that an award of fees may have on plaintiffs in ERISA litigation. However, an award of fees in this case is appropriate due to this court's finding that Magin took positions in this litigation which were at times not substantially justified, not taken in good faith and at times were objectively frivolous.

Magin also argues that Monsanto and Pharmacia must be denied attorneys' fees and costs because their attorneys have a conflict of interest. Magin, however, fails to demonstrate any conflict of interest and he also fails to cite to any case law in support of this proposition. Additionally, the court is skeptical of this argument in light of the fact that Magin should have been aware of the alleged conflict of interest for the past several years but failed to raise it during the litigation or during the briefing on the original attorneys' fee petition that resulted in the court's January 13, 2005 opinion.

The only issue directly raised by the parties' Rule 54.3 statement is Magin's argument that attorneys' fees and costs should only be awarded from the date that this court granted in part, and denied in part, Monsanto and Pharmacia's second motion to dismiss. The court rejects this argument. A primary factor for the imposition of attorneys' fees and costs is due to actions taken by Magin in the litigation before the second motion to dismiss. Additionally, a party is not given "one free bite at the apple" to file motions that are not substantially justified, not taken in good faith or objectively frivolous.

E. Joint Liability for Craig A. Anderson

The last issue for the court is the apportionment of liability to Magin's attorney Craig A. Anderson. The court found on January 13, 2005 that the filing of state law claims in Magin's second amended complaint were objectively unreasonable and frivolous. This court held Magin's attorney, Craig A. Anderson of the law firm of Jacobson, Bradvick and Anderson, Ltd. to be jointly and severally liable with Magin for the costs and attorneys' fees incurred by Monsanto and Pharmacia in responding to Magin's second amended complaint. *Magin v. Monsanto Co.*, No. 03-1366, 2005 WL 83334, at *5 (N.D. Ill. Jan. 13, 2005). This court ordered Monsanto and Pharmacia to identity the costs and attorneys' fees that they incurred in responding to the second amended complaint. *Id.*

Monsanto and Pharmacia now seek to hold Craig A. Anderson personally liable for $184,567.50 in attorneys' fees and $19,282.31 in non-taxable costs for a total amount of $203,849.81. This amount seems patently unreasonable to this court and therefore is rejected.

This court sanctioned Magin's attorney Craig A. Anderson for filing the state law claims in the second amended complaint. The court held that Anderson was on notice that these claims

were preempted under ERISA due to the court's prior ruling on the motion to dismiss the first amended complaint. Anderson therefore had no reason to refile claims that he knew were preempted.

The excess costs incurred by Monsanto and Pharmacia, and for which Anderson is liable, relate to Monsanto and Pharmacia's efforts to file a motion to dismiss for the second amended complaint. Since the case law and law of the case was clear on this point, the court believes that Monsanto and Pharmacia would have incurred minimal costs defending against the state law claims in the second amended complaint. Therefore, this court holds Craig A. Anderson of the law firm of Jacobson, Bradvick and Anderson, Ltd. to be jointly and severally liable with Magin for the total of One Thousand Dollars ($1,000.00). This amount represents the excess costs and attorneys' fees incurred by Monsanto and Pharmacia in responding to the state law claims in Magin's second amended complaint.

## CONCLUSION

For the reasons set forth above, Monsanto and Pharmacia's renewed motion for attorneys' fees and costs of March 1, 2005 (Dkt. No. 123) is granted. Monsanto and Pharmacia is awarded $271,548.47 in attorneys' fees and non-taxable costs. This amount represents fees and costs incurred by Monsanto and Pharmacia through June 30, 2004. Craig A. Anderson of the law firm of Jacobson, Bradvick and Anderson, Ltd. is jointly and severally liable with defendant Magin for One Thousand Dollars ($1,000.00) of these costs and fees.

ENTER:

Date: September 1, 2005

JAMES F. HOLDERMAN
United States District Judge